### In re LEVINE.

(Supreme Court, Appellate Division, First Department.   December 8, 1911.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—DISBARMENT.

An attorney, who appropriates to his own use money paid to him by a client for a specified purpose, and who, when called on to account, sets up a false statement of facts, supported by his testimony, and who fails to show any extenuating circumstances, is guilty of misconduct justifying his disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Application of the Association of the Bar of the City of New York to discipline Israel Levine, an attorney, for professional misconduct. Judgment of disbarment.

See 143 App. Div. 907, 127 N. Y. Supp. 1129.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Einar Chrystie, for petitioner.

Israel Levine, pro se.

INGRAHAM, P. J. The respondent was an attorney at law, and had as client, one Jules Levy. Levy's wife owned a piece of property on Long Island, which she had agreed to sell, subject to two mortgages, upon one of which was due $1,200. The mortgagee had agreed to extend this mortgage, if reduced to $1,000 by the payment by Levy of $200; and this amount Levy or his wife had to pay upon the closing of the contract of sale. Before the contract was closed the respondent went to Levy and told him that if he (Levy) would pay the respondent $200, he would pay it to the mortgagee, have the extension agreement executed, and the respondent would receive the money back on the closing of title. Levy said he did not have $200 but had $150. The respondent said that he would advance $50, making the $200 to be paid to the mortgagee, and on that representation Levy gave to the respondent two checks for $150. These two checks the respondent cashed, and applied the proceeds to his own use, paying nothing to the mortgagee. When the title came to be closed Levy had to pay the $200, and thereupon demanded back from the respondent the $150 which the respondent had received. The respondent gave to Levy a check dated two days ahead for the amount, which on presentation to the bank was refused, as the respondent had only about $3 in the bank at that time.

The respondent admits receiving the money, but swore before the referee that he received it as a personal loan from Levy, and not money that was to be paid to this mortgagee, or on account of the closing of this title. That question was submitted to the referee, who saw the witnesses and heard the testimony, and he has decided against the respondent, which determination is amply sustained by the evidence. When the respondent received this money he gave no receipt, note, or check for the amount, and no relations were shown between the respondent and Levy which would justify a man in his circumstances loaning the respondent $150 without an acknowledgment or obligation of any kind, and the respondent's story is entirely uncorroborated, and evidently made up when the respondent was called upon to account for his misconduct.

The pretense that the respondent gave Levy his check for the $150 because he expected to receive $125 from Senft in disproved by Senft's testimony that he refused to make any payment of the kind until the respondent had done certain work for him, and that work had not been performed. After this check given by the respondent had been dishonored, Levy commenced an action against the respondent in the Municipal Court, in which action the respondent set up this same de-

fense. That case was tried, and the court decided against the respondent, discrediting upon that trial his testimony as to the circumstances under which this money was paid. Levy was unable to collect that judgment until after the complaint had been made to the Association of the Bar, when, a few days before the hearing commenced before the referee, the respondent persuaded Senft to pay him $125, and used that in the payment of the judgment.

We have here a misappropriation of a sum of money paid to an attorney by his client to be used for a specific purpose, and which the attorney appropriated to his own use. There is also presented here the case of an attorney, when called upon to account for his misconduct, setting up a state of facts, and supporting it by his testimony, which have been proved to be false. There is not the slightest extenuating circumstance connected with the case, and it follows that the respondent is not a fit person to remain a member of the bar.

We agree with the finding of the referee, and the respondent is disbarred. All concur.